UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **GEORGE GREENE,** | : | CIV. NO. 23-23364 (SDW) |
| Petitioner, | : | MEMORANDUM OPINION |
| v. | : | |
| **RON CHARLES, WARDEN,** | : | |
| Respondent. | : | |

**IT APPEARING THAT:**

1. On or about December 27, 2023, Petitioner George Greene, a pretrial detainee who is confined in Essex County Correctional Facility, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Petitioner alleges that he is being detained by the State of New Jersey for violating N.J.S.A. 2C:39-5b, a state law involving felons in possession of guns, which violates the Second Amendment facially and as applied.  (ECF No. 1).  Petitioner's public defender refused to file a motion to dismiss the indictment, and Petitioner made pro se motions in the trial court.  Petitioner has not appealed.

2. Petitioner submitted an *in forma pauperis* ("IFP") application that establishes his financial eligibility to proceed without payment of the filing fee, and the IFP application will be granted. (ECF No. 1-1).

3. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to cases under 28 U.S.C. § 2241 under Rule 1, scope of the rules, [t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

  4. Pretrial habeas jurisdiction under 28 U.S.C. § 2241 should be exercised only in extraordinary circumstances, and only after exhaustion of state remedies. *Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975). The Supreme Court explained, "nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 445 (3d Cir. 1975) (citing *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 491 (1973)). State courts "are equally with the Federal courts charged with the duty of protecting the accused in the enjoyment of his constitutional rights" *Id.* at 443 (quoting *Fay v. Noia*, 372 U.S. 391, 418 (1963), *overruled on other grounds by Wainwright v. Sykes*, 433 U.S. 72 (1977), *and abrogated on other grounds by Coleman v. Thompson*, 501 U.S. 722 (1991)).

  5. Petitioner has not exhausted his state court remedies because he has not yet challenged the constitutionality of NJSA 2C:39-5b, facially or as applied to him, in the State's highest court. Petitioner may still challenge the constitutionality of the statute, facially and as applied, on direct appeal and in the state's highest court. Therefore, this Court will decline to exercise pretrial habeas jurisdiction over this matter under § 2241. *See Lambert v. Blackwell*, 134 F.3d 506, 517 (3d Cir. 1997), *as amended* (Jan. 16, 1998) (the exceptional circumstances required for pretrial habeas jurisdiction under § 2241 must be "sufficient to excuse nonexhaustion.")

  6. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim" the court should issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c) only if the petitioner "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Petitioner cannot make such a showing.  Therefore, this Court will not issue a certificate of appealability under §2254(c)(1).

   An appropriate Order follows.

Date:    January 12 , 2024        /s/ Susan D. Wigenton
                  Hon. Susan D. Wigenton
                  United States District Judge